UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-80217-CIV-MARRA/MATTHEWMAN

GRACIELA SMYTH,

        Plaintiff,
vs.

HILLSTONE RESTAURANT GROUP, INC.,
d/b/a HOUSTON'S RESTAURANT,

        Defendant.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Plaintiff's Motion to Remand (DE 6). The motion is briefed and ripe for review. The Court has reviewed the briefs and is advised in the premises.

**I. Background**

Plaintiff Graciela Smyth ("Smyth") filed this personal injury action in state court on February 20, 2013 against Defendant Hillstone Restaurant Group, Inc. d/b/a Houston's Restaurant ("Hillstone"). In her complaint, Smyth alleges that she is a resident of Coconut Creek, Broward County, Florida. (Complaint ¶ 2). No allegation of her citizenship is made. Hillstone is a Delaware corporation with its principal place of business in Arizona. (DE 7 ¶ 5).[1]

Hillstone timely removed the action on March 4, 2013 based on the Court's ostensible diversity jurisdiction. *See* 28 U.S.C. §§ 1332, 1441. Attached to Hillstone's notice of removal were property appraiser records indicating that Smyth's primary home and permanent residence is in Florida. (DE 1, Attach. 4). Hillstone also alleged that it believed Smyth operated a business in Florida and that "[a]ll

---

[1] Hillstone is a citizen of the state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332.

evidence currently available to [Hillstone] indicates that [Smyth] is a resident and citizen of Florida." (DE 1 ¶¶ 11, 13).

Smyth moves to remand because she only alleged her residence in the complaint. Thus, according to Smyth, Hillstone cannot establish that diversity exists warranting removal because Hillstone cannot establish that Smyth was a citizen of Florida at both the time of the filing of the complaint and the time of the filing of the notice of removal. In response, Hillstone points to the following evidence of Plaintiff's citizenship: (1) the location of real property (as set forth in Hillstone's notice of removal); (2) evidence of a claimed Homestead Exemption (DE 1, Attach. 4); (3) address history (DE 7, Attach. 2 at 2–3); (4) driver's license history (DE 7, Attach. 7); (5) professional license history (DE 7, Attach. 2 at 11–12); (6) the location of Smyth's business (DE 7, Attach. 3); (7) the location of Smyth's medical services; (8) voting registration (DE 7, Attach. 2 at 12–13); and (9) telephone services (DE 7, Attach. 2 at 3–5).[2]

**II. Legal Standard**

"The rule of construing removal statutes strictly and resolving doubts in favor of remand is well-established." *See Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328–29 (11th Cir.2006) (citing *Syngenta Crop Prot. Inc. v. Henson*, 537 U.S. 28, 32 (2002); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941); and *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411(11th Cir. 1999). "A removing defendant," in this case Hillstone, "bears the burden of proving proper federal jurisdiction." *Leonard v. Enter. Rent a Car*, 279 F.3d 967, 972 (11th Cir.2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319–20 (11th Cir.2001)).

---

[2] The Court may look beyond Smyth's complaint to determine whether the parties are diverse. *See Huchon v. Jankowski*, No. 06-10094-CIV-MOORE, 2007 WL 221421, at *2 (S.D. Fla. Jan. 25, 2007).

**III. Analysis**

Here, the parties do not dispute that the amount in controversy is greater than the jurisdictional threshold. Thus, the only issue bearing on the existence of diversity jurisdiction is whether Plaintiff is a citizen of Florida.[3]

> Citizenship is equivalent to "domicile" for the purposes of diversity jurisdiction. A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom. . . . [D]istrict courts look to the "totality of the evidence" presented in order to ascertain a party's domicile. Evidence that may be factored into a court's consideration includes that party's affidavit, deposition testimony, drivers license, tax returns, banking statements, voter registration, medical records, utility phone bills, employment records, vehicle registration, professional licenses, membership in religious, recreational and business organizations, location of real property and place of employment.

*Jakobot v. Am. Airlines, Inc.*, No. 10-61576-CIV, 2011 WL 2457915 (S.D. Fla. June 20, 2011) (citations and quotations omitted). Factoring in the relevant evidence, the Court has little trouble concluding that Hillstone has met its burden of proving proper federal jurisdiction. Hillstone has provided proof that Smyth owns a residence in Florida and claims a Homestead exemption on the property, that Smyth has lived exclusively in Florida since 1983, that Smyth holds a valid Florida driver's license issued in 1992 (and recently reissued in 2011), that Smyth has held at least eight professional licenses in Florida since 1999, and that all phones registered with Smyth are associated with Florida addresses. Hillstone has also provided proof that Smyth currently operates a business in Florida and that Smyth maintains a Florida address. Hillstone's evidence sufficiently demonstrates that

---

[3] The Court notes that Smyth does not address the issue of whether she is a Florida citizen; rather, Smyth merely rests on the proposition that Hillstone cannot demonstrate diversity at both the time the complaint was filed and the time the notice of removal was filed because she only alleged her residency in the complaint. If Smyth's position was accepted, a plaintiff could frustrate a defendant's ability to exercise its statutory right of removal simply by failing to allege citizenship, even though diversity of citizenship can be demonstrated by resort to evidence outside the four corners of the complaint.

diversity of citizenship was present in this case both at the time of the filing of the complaint and at the time of the filing of the notice of removal.[4]

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Motion to Remand (DE 6) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Florida this 14th day of May, 2013.

_____
KENNETH A. MARRA
United States District Judge

---

[4] The Court rejects Smyth's passing suggestion that the evidence Hillstone relies on is unauthenticated and somehow unreliable, and the Court notes that the only evidence Smyth points to in support of this suggestion is boilerplate language on a form that warns of the possibility of errors on public records. If this language is the only evidence Smyth can point to in support of its "unreliability" argument, the Court finds the evidence insufficient.